# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GLEN FOLSOM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-1068-D |
| | ) |
| **WARDEN SHARP, et al.,** | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Glen Folsom, appearing *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Currently before the Court is Plaintiff's Complaint/Motion for Preliminary Injunction (ECF No. 1), Motion for Contempt (ECF No. 2), and Motion to Impeach Public Official (ECF No. 3). Chief United States District Judge Timothy D. DeGiusti referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C) and a review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Following the requisite screening of Plaintiff's Complaint, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

## I.   PLAINTIFF'S CLAIMS

Mr. Folsom's Complaint states that officials at the Oklahoma State Penitentiary (OSP) have repeatedly lost his legal work, thrown it away, and refused to copy it. (ECF No. 1:1, 2). Apparently, the "legal work" at issues relates to his "criminal case" because

Plaintiff is "trying to fight his criminal conviction with a writ of habeas in your court [the Western District of Oklahoma]." (ECF No. 1:3-4).[1] Plaintiff seeks injunctive relief in the form of a court order to OSP officials to "stop losing [his] legal work and to copie [sic] it when he sends it to be copied." (ECF No. 1). According to Mr. Folsom, OSP officials' actions have violated his constitutional right to access the courts. Plaintiff identifies Warden Sharp and the State of Oklahoma as defendants. (ECF No. 1:1).

## II.    SCREENING OF PRISONER COMPLAINTS

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). After conducting an initial review, a court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Additionally, one aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice."

---

[1] Approximately one week after he filed the Complaint in the instant case, Mr. Folsom filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. *See Folsom v. Sharp*, Case No. CIV-19-1105-G (Nov. 25, 2019).

*Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

### III. ANALYSIS

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1), (2). Plaintiff is currently housed in the Oklahoma State Penitentiary,[2] a prison facility within the territory of the Eastern District of Oklahoma. *see* ECF No. 1:1. No events relevant to this lawsuit are alleged to have occurred within the Western District of Oklahoma. *See* ECF No. 1. Instead, Plaintiff's allegations solely involve alleged violations of his constitutional rights while housed at the Oklahoma State Penitentiary. The Oklahoma State Penitentiary is a prison facility located in the City of McAlester, Pittsburg County, Oklahoma. Additionally, every "part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" there. 28 U.S.C. § 1391(b)(2). Therefore, as noted above, the Oklahoma State Penitentiary is located within in the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Thus, venue is proper in that court. 28 U.S.C. § 1391(b)(2).

---

[2]     The undersigned takes judicial notice of the location of the Oklahoma State Penitentiary. *See* Fed. R. Evid.201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

**IV.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For these reasons, the undersigned recommends transfer of this matter, including Plaintiff's pending Motion for Contempt (ECF No. 2) and Motion to Impeach Public Official (ECF No. 3), to the United States District Court for the Eastern District of Oklahoma.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **February 18, 2020**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**V.     STATUS OF THE REFERRAL**

This Report and Recommendation terminates the referral.

ENTERED on January 30, 2020.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE