# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN FOLSOM, | |
|     Plaintiff, | |
| vs. | Case No. CIV-19-1068-D |
| WARDEN SHARP, *et al*. | |
|     Defendants. | |

## ORDER TRANSFERRING CASE

This matter comes before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin finds that proper venue for Plaintiff's claims under 42 U.S.C. § 1983 regarding his confinement at the Oklahoma State Penitentiary in McAlester, Oklahoma, lies in the United States District Court of the Eastern District of Oklahoma, and that the case should be transferred to that district.

The record reflects no timely objection to the Report nor request for additional time to object. Plaintiff was expressly advised of both the right to object and the implied waiver rule. *See* R&R at 4. Therefore, the Court finds that Plaintiff has waived further review of the issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th

Cir. 1996). Further, for the reasons stated by Judge Erwin, the Court finds that the recommended transfer is warranted pursuant to 28 U.S.C. § 1404(a) or § 1406(a).[1]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED as set forth herein. This action is TRANSFERRED to the United States District Court of the Eastern District of Oklahoma.

IT IS SO ORDERED this 20th day of February, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Judge Erwin does not cite statutory authority for the transfer but relies on caselaw allowing a change of venue "in the interest of justice" under § 1404(a). See R&R at 2-3. However, if venue is improper in this district, § 1406(a) authorizes a transfer of the case to a judicial district where it could have been brought in order to cure the defect in venue.