# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLEN FOLSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 20-057-JHP-SPS |
| | ) | |
| FNU SHARP and | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff is a *pro se* state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. He initiated this action on November 18, 2019, by filing in the Western District of Oklahoma a Motion for Injunction, which was construed as a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). On that same date, he also filed a Motion for Contempt (Dkt. 2), and a Motion to Impeach Public Official, which was construed as a motion for an order (Dkt. 2).[1] The defendants are OSP Warden Tommy Sharp and the State of Oklahoma.

Plaintiff alleges that officials at OSP have repeatedly lost his legal work, thrown it away, and refused to copy it. He apparently is claiming his legal work relates to his criminal case, because he is attempting to challenge his criminal conviction through a writ

---

[1] The Western District of Oklahoma transferred the case to this Court on February 21, 2020 (Dkt. 17).

of habeas corpus in the Western District of Oklahoma. He is seeking injunctive relief in the form of a court order to OSP officials to stop losing his legal work and to copy the legal work when he sends it for copying. He also claims the actions of OSP officials have violated his constitutional right to access the courts. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must

construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply

3

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and *pro se* had responsibility to provide correct names and proper addresses for service of process).

Plaintiff has named the State of Oklahoma as a defendant in this action. The Eleventh Amendment, however, bars suits in federal court against a state. Oklahoma has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Therefore, the amended complaint should not include the State of Oklahoma as a defendant.

Plaintiff also has sued OSP Warden Sharp, however, Plaintiff has not alleged that Defendant Sharp personally participated in the alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing he is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

**Motion for Contempt**

Plaintiff has filed a Motion for Contempt (Dkt. 2) alleging District Attorney Joe Freeman and Judge John Canavan of Pottawatomie County, Oklahoma, should be sanctioned for their failure to provide information to the Oklahoma Court of Criminal Appeals. He claims this failure to act was intended to harass him and to extend his false imprisonment. Plaintiff also wants a full investigation of the state district court, if possible.

Because neither Mr. Freeman nor Judge Canavan are parties to this action, the Court cannot consider Plaintiff's allegations against them. Further, federal courts have no supervisory jurisdiction over state courts and are without authority to direct state courts or their officers to perform their duties. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986). *See also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Luikart v. Farmers' Lumber Co.*, 38 F.2d 588 (10th Cir. 1930). Therefore, Plaintiff's Motion for

Contempt (Dkt. 2) must be DENIED.

**Motion to Impeach Public Official**

In his Motion to Impeach Public Official (Dkt. 3), Plaintiff asks for the impeachment of court clerks, judges, and the district attorney. He claims these parties have broken court rules and law and conspired to cover it up. He wants charges brought against the judges' court clerks in Pottawatomie County and the Court of Criminal Appeals, because they allowed perjury and double jeopardy occur in his case. The officials then allegedly broke court rules regarding the duties of judges, court clerks, and court reporters. He apparently is contending that the purpose of the alleged conspiracy among the officials is are to make millions of dollars from years of litigation against poor inmates. Again, the individuals who are referenced in this motion are not parties to this action. Also, as explained above, this Court has no supervisory authority over state courts or their officers to perform their duties. To the extent Plaintiff may be requesting criminal prosecution of public officials, there is no constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Furthermore, Plaintiff has no legal basis to pursue criminal charges through this civil action, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). *See also Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("[A] private citizen cannot enforce criminal statutes in a civil action."). Because Plaintiff may not seek redress for alleged unlawful conduct by certain

7

state officials through this civil rights action, his Motion to Impeach Public Official (Dkt. 3) is DENIED.

**ACCORDINGLY,**

1. Plaintiff's Motion for Contempt (Dkt. 2) is DENIED.

2. Plaintiff's Motion to Impeach Public Official (Dkt. 3) is DENIED.

3. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.

4. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

5. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 26th day of February 2020.

James H. Payne
United States District Judge
Eastern District of Oklahoma